(172 App. Div. 711)

### PEOPLE v. TOMASSO.

(Supreme Court, Appellate Division, Fourth Department. May 10, 1916.)

INDICTMENT AND INFORMATION ⊂⊃3—NECESSITY OF INDICTMENT—INTOXICATING LIQUORS.

Liquor Tax Law (Consol. Laws, c. 34) § 30, subd. "e," makes it unlawful for any person to suffer or permit to become disorderly premises whereon liquor traffic is carried on. Section 36, subd. 2, provides that any person who violates any provision of section 30 shall be guilty of a misdemeanor. Section 37, subd. 1, provides that violation of the Liquor Tax Law, the penalty for which is prescribed in section 36, subd. 2, shall be prosecuted by indictment, and by trial in a court of record having jurisdiction for the trial of crimes of the grade of felony. The only

exception is provided by section 36, subd. 5, which makes persons guilty of misdemeanor who willfully violate any provision for which no other punishment is provided. *Held*, that one accused of permitting her saloon to become disorderly cannot be tried on information in a City Court, but that the trial should have been after indictment and in a court of record.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 9–23; Dec. Dig. ☞3.]

Appeal from Steuben County Court.

Nellie Tomasso was convicted of permitting her saloon to become disorderly, and she appeals. Reversed, and defendant discharged.

Argued before KRUSE, P. J., and FOOTE, LAMBERT, MERRELL, and DE ANGELIS, JJ. .

Thomas F. Rogers, of Corning, for appellant.
Edwin S. Brown, Dist. Atty., of Cohocton, for the People.

PER CURIAM. The sole question which needs to be considered on this appeal is whether the City Court of the city of Corning had jurisdiction to try the defendant for the offense of which she has been convicted. The defendant appealed to the County Court, which affirmed the judgment of the City Court.

The defendant was charged with violating subdivision "e" of section 30 of the Liquor Tax Law (Consol. Laws, c. 34; Laws 1909, c. 39), in suffering and permitting certain premises situate in the city of Corning, for which she held a liquor tax certificate and where she conducted a saloon, to become disorderly. Subdivision "e" makes it unlawful for any person to suffer or permit to become disorderly the premises where the traffic in liquor is carried on. Subdivision 2 of section 36 of the Liquor Tax Law provides, inter alia, that any person who violates any provision of section 30 shall be guilty of a misdemeanor, and upon conviction therefor shall be punished by a fine or imprisonment, or both, shall forfeit the liquor tax certificate, and be deprived of all rights and privileges thereunder and of any right to a rebate. Subdivision 1 of section 37 provides:

"Except as otherwise provided by this chapter, all proceedings instituted for the punishment of any violations of the provisions of this chapter, the penalties for which are prescribed in subdivision 1, 2, 3 or 4 of section 36, shall be prosecuted by indictment by the grand jury of the county in which the crime was committed, and by trial in a court of record having jurisdiction for the trial of crimes of the grade of felony"

—except that any magistrate of the county in which such violations occur has jurisdiction to make a preliminary examination. Subdivision 2 of section 37 provides that Courts of Special Sessions shall have exclusive jurisdiction to try and determine all violations of the Liquor Tax Law defined by subdivision 5 of section 36 as a misdemeanor. Subdivision 5 referred to provides that any willful violation by any person of any provision of the Liquor Tax Law, for which no punishment or penalty is otherwise provided, shall be a misdemeanor.

It will thus be seen that, unless there is some other provision of law, the crime with which the defendant was charged and of which she was

convicted was required to be prosecuted by indictment, and in a court of record having jurisdiction to try felonies. Although the point is distinctly made that the City Court had no jurisdiction, in the appellant's brief, it is not referred to in any way in the brief of the district attorney; nor does it appear that the point was called to the attention of the County Court. It is not referred to in the opinion of the county judge. We know of no provision in the city charter of the city of Corning, or in any other statute, which modifies the provisions of the Liquor Tax Law in that regard. None has been called to our attention, and we have been unable to find any.

It is unnecessary to consider the other points, as this seems to be fatal to the judgment. The judgment of conviction should therefore be reversed, and the defendant discharged.